**Segundo Francisco CAGUANA,
Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States
Attorney General, Respondent.**

**No. 08–1386–ag.**

United States Court of Appeals,
Second Circuit.

June 4, 2009.

Shahla Khan, New York, NY, for Petitioner.

Blair O'Connor, Civil Division, United States Department of Justice (Gregory Katsas, Michelle Gorden Latour, Joseph O'Connell, on the brief), Washington, DC, for Respondent.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

PRESENT: Hon. AMALYA L. KEARSE and Hon. DEBRA ANN LIVINGSTON Circuit Judges, and Hon. ERIC N. VITALIANO,** District Judge.

## SUMMARY ORDER

Petitioner Segundo Francisco Caguana ("Caguana"), a native and citizen of Ecuador, seeks review of a February 21, 2008 order of the Board of Immigration Appeals ("BIA") affirming the June 11, 2007 decision of Immigration Judge ("IJ") Michael Rocco, denying his motion to rescind an *in absentia* removal order dated January 16, 2007. *See In re Segundo Francisco Caguana*, No. A 97 519 479 (BIA Feb. 21, 2008), *aff'g* No. 97 519 479 (Immig. Ct. Buffalo June 11, 2007). In his petition for review, Caguana argues, *inter alia*, (1) that he did not receive proper notice of the removal hearing resulting in the *in absentia* order; (2) that his failure to appear for the removal hearing was the result of exceptional circumstances, namely, ineffective assistance of counsel; and (3) that the ineffective assistance of counsel amounted to a due process violation. Additionally, the government moves to strike new evidence submitted with Caguana's brief to this Court. We assume the parties' familiarity with the underlying facts, procedural history, and the issues for review.

We review a decision denying a motion to rescind an *in absentia* removal order for abuse of discretion. *Giorgi Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir. 2006). "The BIA exceeds the bounds of its allowable discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Silva–Carvalho Lopes v. Mukasey*, 517 F.3d 156, 158

(2d Cir.2008) (internal quotation marks omitted).

A motion to rescind an *in absentia* order may only be granted where the alien demonstrates (1) that the failure to appear was because of exceptional circumstances; (2) that he did not receive proper notice of the removal hearing; or (3) that he was in government custody and the failure to appear was no fault of his own. *See* 8 U.S.C. § 1229a(b)(5)(C)(i)–(ii); *see also Alrefae v. Chertoff*, 471 F.3d 353, 357–58 (2d Cir. 2006) ("Judicial review of *in absentia* removal orders is limited to three specifically enumerated grounds, none of which concerns the merits of the relief the alien would seek if the *in absentia* removal order were rescinded."). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1); *see also Abu Hasirah v. Dep't of Homeland Sec.*, 478 F.3d 474, 477 (2d Cir.2007).

## I. Notice

We start with Caguana's claim that he did not receive adequate notice of the removal hearing. Where a Notice of Hearing is sent by regular mail, "a presumption of receipt is proper so long as the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures." *Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir.2006) (*Lopes I* ). It is presumed "not only that delivery to the alien's mailing address was effective,

** The Honorable Eric N. Vitaliano, District Judge for the Eastern District of New York, sitting by designation.

but also that the alien personally received the notice." *Alrefae,* 471 F.3d at 359. However, the presumption is slight. *Silva–Carvalho Lopes v. Mukasey,* 517 F.3d 156, 160 (2d Cir.2008) (*Lopes II* ). In *Lopes II,* we described as "sound" the Ninth Circuit's holding that:

> where a petitioner had appeared at earlier immigration proceedings, had no motive to avoid the immigration proceedings, and in fact had initiated proceedings to obtain an immigration benefit, a statement or affidavit by the petitioner stating that he or she had not received notice should ordinarily suffice to overcome the presumption of receipt.

*Id.* at 159 (citing *Salta v. INS,* 314 F.3d 1076, 1079 (9th Cir.2002)). Nonetheless, *Lopes II* did not "presume to instruct the BIA as to the precise documentation and testimony required to defeat the slight presumption of receipt of regular mail." *Id.* at 160. Subsequent to *Lopes II,* the BIA elaborated on the evidentiary standard a petitioner must meet to overcome the slight presumption of receipt:

> An inflexible and rigid application of the presumption of delivery is not appropriate when regular mail is the method of service of a Notice to Appear or Notice of Hearing. In determining whether a respondent has rebutted the weaker presumption of delivery applicable in these circumstances, an Immigration Judge may consider a variety of factors including, but not limited to, the following: (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for re-

lief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.... Each case must be evaluated based on its own particular circumstances and evidence.

*In re M–R–A–,* 24 I. & N. Dec. 665, 674 (BIA 2008). Further, the BIA made clear that an alien "cannot evade delivery of a properly sent Notice of Hearing by relocating without providing the required change of address and then request reopening of in absentia proceedings on the basis of a claim that he did not receive notice." *Id.* at 675. And our case law is in accord: "the alien is deemed to be in constructive receipt of properly-provided notice—and hence ineligible for rescission of his *in absentia* order of removal—if he thwarted delivery." *Maghradze,* 462 F.3d at 154.

■ The BIA correctly determined that Caguana must overcome a presumption of receipt. *See Alrefae,* 471 F.3d at 358–59 ("With regard to claims of nonreceipt under 8 U.S.C. § 1229a(b)(5)(C)(ii), there is a presumption that aliens receive notices of removal hearings that were properly mailed, and aliens who move to reopen claiming that they did not receive notice must rebut this presumption."). Caguana was personally served with a Notice to Appear ("NTA") on September 25, 2006. Joint Appendix ("J.A.") 91–92. The NTA—which Caguana signed—provided (1) that a Notice of Hearing would be mailed only to the address listed on the

NTA; (2) that Caguana was required to provide written notice to the immigration court listed on the NTA if his address changed; and (3) that Caguana was informed in his native language of the consequences of failure to appear for a removal hearing. *Id.; see also* 8 U.S.C. §§ 1229(a)(1)(F)(i)–(ii), (G)(ii). The NTA listed Caguana's address as "113 Wickham Ave., Middletown, New York 10940." J.A. 91. On November 28, 2006, Caguana was mailed a Notice of Hearing from the immigration court to the address listed on the NTA, stating, *inter alia,* the consequences of the failure to appear. *Id.* 90. The Notice of Hearing includes a certificate of service by mail, signed by court staff. *Id.* Furthermore, Caguana does not argue that the Notice of Hearing was improperly mailed.

Aside from a vague, uncorroborated assertion in Caguana's affidavit that he "received no notifications of any upcoming court date from my attorney or the Immigration Courts," *Id.* 58, and the fact that Caguana diligently retained counsel after receiving the *in absentia* order of removal, Caguana's brief to this Court points to no evidence to rebut the presumption of receipt. Caguana submitted an affidavit in connection with his motion to reopen that listed his address as P.O. Box 1364, Milford, Pennsylvania, 18337. *Id.* He also submitted what purported to be a faxed letter from a law firm that previously represented him to the immigration court, stating that the firm had been unable to reach Caguana and that, "[a]pparently Mr. Caguana has changed his place of residence and has not left a forwarding address." *Id.* 63. Caguana did not notify the immigration court of any change of address, *see* 8 C.F.R. § 1003.15(d), and the regulations provide that "no written notice shall be required for an Immigration Judge to proceed with an in absentia hearing" if the alien has "fail[ed] to provide his or her address as required under § 1003.15(d)," 8 C.F.R. § 1003.26(d). Thus, as the BIA observed, Caguana's evidentiary burden is not insubstantial in the particular circumstances of this case, because he "must overcome the presumption of due receipt raised by the evidence of mailing of the Notice of Hearing, *and* evidence from both himself and a former counsel that he no longer resided at the address he provided to the Immigration Court." J.A. 5 (emphasis added).

Caguana argues for the first time on appeal (1) that the letter he submitted from the law firm should be disregarded because it was signed by Victor Salazar, who is not an attorney, and the letter "is a misrepresentation of the actual facts and a complete lie," Pet'r's Br. 18; and (2) that his own affidavit lists a P.O. Box address in Pennsylvania rather than the New York address listed on the NTA because of the advice of another former counsel, Jonathan Saint Preux. These arguments were not raised before the IJ or the BIA, however, and as such, may not be considered here. *See Zhong v. United States Dept. of Justice,* 480 F.3d 104, 123 (2d Cir.2007).

Considering the weakness of Caguana's affidavit, the absence of any corroborating evidence in the record, and the evidence Caguana submitted suggesting he relocated without notifying the immigration court, and consequently "thwarted delivery," *Maghradze,* 462 F.3d at 154, the BIA did not abuse its discretion in finding that, based on all the evidence, Caguana failed to show that he notified the immigration court of a change of address and, if he did not change his address, failed to rebut the presumption of receipt. Thus, his request to rescind the *in absentia* removal order based on his failure to receive adequate notice was appropriately denied.

## II. Ineffective Assistance of Counsel

With respect to an ineffective assistance of counsel claim in the removal context,

this Court has made clear that a petitioner "who has failed to comply substantially with the *Lozada* requirements ... forfeits [his] ineffective assistance of counsel claim in this Court." *Garcia–Martinez v. Dep't of Homeland Sec.,* 448 F.3d 511, 513 (2d Cir.2006) (internal quotation marks omitted) (alteration and omission in original); *see In re Lozada,* 19 I. & N. Dec. 637 (BIA 1988); *see also Garcia–Martinez,* 448 F.3d at 514 (stating that "[s]ound policy reasons support compliance with the *Lozada* requirements, inasmuch as they facilitate a more thorough evaluation by the BIA and discourage baseless allegations" (internal quotation marks omitted) (alteration in original)); *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005) (noting that "the BIA should consider ineffectiveness claims in the first instance" and that this Court's "review on the merits may be conditioned on substantial compliance with the reasonable requirements set forth in *Lozada* "). The *Lozada* requirements are as follows:

> [A]n applicant who claims ineffective assistance of counsel must submit (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the applicant notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the applicant has filed a complaint regarding counsel's conduct with the appropriate disciplinary authorities and, if a complaint has not been filed, an explanation for not doing so.

*Garcia–Martinez,* 448 F.3d at 512 n. 1.

■ While the BIA stated that Caguana's Notice of Appeal "may suggest excep-

tional circumstances were the result of ineffective assistance of counsel, who allegedly failed to inform him of his court date," J.A. 3, the BIA found that Caguana failed to comply with any of the *Lozada* requirements. Before this Court, Caguana contends that he could not comply with the third requirement because the attorneys who provided him ineffective assistance were either suspended or not admitted to the bar. Even if we were to accept this explanation, which was not presented to the BIA and hence has not been exhausted, Caguana has still failed substantially to comply with the remaining *Lozada* requirements. As in *Garcia–Martinez,* "[i]n the affidavit and brief he submitted to the BIA, petitioner, who was duly represented by new counsel on appeal, failed to comply with any of the *Lozada* requirements, ... the explanation he now offers for that failure ... was never presented to the BIA," and "petitioner's explanation here [does not] address in any way his failure to comply with the remaining *Lozada* requirements." *Garcia–Martinez,* 448 F.3d at 513. Hence, "[b]ecause petitioner was obligated to comply substantially with the *Lozada* requirements and because he has failed to do so, he has forfeit [ed][his] ineffective assistance of counsel claim in this Court." *Id.* at 514 (internal quotation marks omitted) (second and third alterations in original). Thus, we do not consider Caguana's claim that the ineffective assistance he received from his prior attorneys constitutes an exceptional circumstance that warrants rescinding the *in absentia* order of removal.

## III.  Due Process Claim

■ Finally, Caguana argues that the claimed ineffectiveness of his counsel amounts to a Fifth Amendment due process violation. We have indicated that to constitute a due process violation, an IJ's

determination must have been "arbitrary" or have denied the petitioner "a full and fair opportunity to present her claims." *Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir.2006) (internal quotation marks omitted). Caguana had a full and fair opportunity to advance his claim of ineffective assistance of counsel in his brief before the BIA, where Caguana was represented by counsel whom he does not allege was ineffective, but he failed to do so. Thus, Caguana's attempt to bootstrap his ineffective assistance of counsel claim into a due process claim is unavailing.

## IV. Conclusion

All arguments not otherwise discussed in this summary order are found to be without merit. For the foregoing reasons, Caguana's petition for review is DENIED and the government's motion to strike new evidence submitted with Caguana's brief to this Court is DISMISSED as moot.