**Mamadou Alpha DIALLO, Petitioner,**

v.

**Peter J. SMITH, Respondent.**

No. 05–3089–ag.

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Michael E. Swartz, Marji Molavi, Schulte Roth & Zabel LLP, New York, N.Y., for Petitioner.

Terrance P. Flynn, U.S. Atty., Gail Y. Mitchell, Asst. U.S. Atty., Buffalo, N.Y., for Respondent.

PRESENT: JON O. NEWMAN, ROGER J. MINER, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Mamadou Alpha Diallo, a native and citizen of Guinea, seeks review of the December 16, 2003 order of the BIA affirming the February 3, 2000 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his motion to rescind an *in absentia* order of removal. *In re Mamadou Alpha Diallo*, No. A75 565 474 (B.I.A. Dec. 16, 2003), *aff'g* No. A75 565 474 (Immig. Ct. N.Y. City Feb. 3, 2000). Diallo originally challenged the order of the BIA by filing a petition for a writ of habeas corpus with the United States District Court for the Western District of New York. That action was transferred to this Court as a petition for review pursuant to Section 106(c) of the REAL ID Act of 2005.[1] *Diallo v. Smith*, No. 03–cv–0762 (W.D.N.Y. June 15, 2005). Diallo also seeks review of the August 26, 2005 order of the BIA denying his second motion to rescind the same *in absentia* removal order. *In re Mamadou Alpha Diallo*, No. A75 565 474 (B.I.A. Aug. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

1. Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109–13, 199 Stat. 231, Div. B. (May 11, 2005).

## I. JURISDICTION

■ As a preliminary matter, although the record reflects that Diallo has been removed to Guinea, we find that his petition is not moot where he "asserts an actual injury—a bar to reentering the United States—that has a sufficient likelihood of being redressed by the relief [he] seeks from this Court." *Swaby v. Ashcroft*, 357 F.3d 156, 160 (2d Cir.2004). Diallo's removal triggered the 10–year bar to reentry provided in 8 U.S.C. § 1182(a)(9)(A)(ii). This is a sufficient collateral consequence to present a live case or controversy over which we may exercise our jurisdiction. *See Swaby*, 357 F.3d at 160–61; *see also Lee Moi Chong v. Dist. Dir. INS*, 264 F.3d 378, 385 (3d Cir.2001).

■ Regarding Diallo's petition for review of the BIA's December 2003 order, we acknowledge that Diallo's habeas petition was prematurely filed with the District Court in March 2003. Nevertheless, we find that we have jurisdiction over that order where it affirmed Diallo's order of removal, and the government has not shown prejudice. *See Lewis v. Gonzales*, 481 F.3d 125, 129 (2d Cir.2007).

Diallo filed a separate petition with this Court seeking review of the BIA's August 2005 order. We dismiss that petition for review for lack of jurisdiction because it was filed on October 27, 2005, more than 30 days after the BIA's order. *See* 8 U.S.C. § 1252(b)(1); *Ruiz–Martinez v. Mukasey*, 516 F.3d 102, 105–06 (2d Cir. 2008) (citing *Malvoisin v. INS*, 268 F.3d 74, 75–76 (2d Cir.2001)).

## II. THE MERITS

When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review for abuse of discretion the agency's denial of a motion to rescind an *in absentia* removal order. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir.2006); *see also id.* (noting that "although a motion to rescind is a type of motion to reopen, it is distinctive in that a 'motion to reopen for purposes of rescinding an in absentia [removal] order ... seeks to restart proceedings as if the previous proceedings never occurred'" (citation omitted)). The agency abuses its discretion where, in making a discretionary determination, it misunderstands or misapplies the governing law. *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 168 (2d Cir.2003). We review *de novo* the agency's determinations of law. *See Mardones v. McElroy*, 197 F.3d 619, 624 (2d Cir.1999).

■ In his July 1999 motion to rescind, Diallo alleged that he was 45 minutes late for his June 1999 removal hearing because of subway delays and a long security-check line to enter the federal building. The IJ found that "even if properly documented," the reasons offered for his "untimeliness" did not warrant rescission of the *in absentia* removal order, and the BIA affirmed.[2] agency erred by failing to consider constituted a failure to appear 1229a (b)(5)(A) ("Any alien who Diallo argues that the whether his tardiness under 8 U.S.C. § .

---

**2.** To the extent the BIA's December 2003 order was premised on Diallo's failure to submit sufficient evidence in support of his motion to rescind, we note that its analysis of Diallo's claims did not change in its August 2005 order, wherein it considered the very documents that the IJ (in his February 2000 decision) found to be lacking—i.e., an affidavit from Diallo and evidence from the New York Metropolitan Transit Authority. We express no opinion as to whether the agency should credit Diallo's account of the events of the day of his June 1999 hearing. However, we do not read the agency's decisions to date as having found that his account was not credible. *Cf. Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008).

*does not attend* a [removal] proceeding ... shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that ... written notice was ... provided and that the alien is removable." (emphasis added)). We agree.

We have held that "a brief, innocent lateness does not constitute a failure to appear within the meaning of 8 U.S.C. § 1229a." *Abu Hasirah v. Dep't of Homeland Sec.,* 478 F.3d 474, 478 (2d Cir.2007) (per curiam).[3] Accordingly, unlike aliens who "failed entirely to appear for a hearing," aliens whose lateness to a removal hearing was "brief, innocent and understandable" are not required to demonstrate that "exceptional circumstances" prevented them from appearing on time. *Id.* at 478; *see also* 8 U.S.C. § 1229a(b)(5)(C)(i) (providing that an *in absentia* removal "order may be rescinded only ... if the alien demonstrates that the failure to appear was because of exceptional circumstances"). The IJ's apparent belief to the contrary—i.e., that "exceptional circumstances" were required to excuse both an alien's absolute failure to appear and a failure to appear at the precise moment the hearing begins—clouded his analysis of Diallo's motion, and led to an abuse of discretion. *See Ratliff,* 354 F.3d at 168. Therefore, we remand so that the agency may reconsider its denial of Diallo's motion to rescind his *in absentia* removal order.[4] *See Abu Hasirah,* 478 F.3d at 479 ("Because the IJ's denial of Abu Hasirah's motion to reopen was premised on a misinterpretation of the governing

statute, we find that the abuse of discretion standard has been satisfied.").

## III.  CONCLUSION

For the foregoing reasons, the petition for review is DISMISSED in part and GRANTED in part. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

3. The government contends that *Abu Hasirah* does not control where it was issued "one year after the Bia's decision in the instant case." However, this Court is "bound to apply the law as it exists at the time of the appeal." *Parker v. Time Warner Entm't Co.,* 331 F.3d 13, 20 (2d Cir.2003).

4. Because we lack jurisdiction to consider the BIA's August 2005 decision, we need not consider the issues related to Diallo's allegations of ineffective assistance of counsel against his former attorney, which were raised for the first time in the motion underlying that decision.