**Riyad Darwich Mustafa ABU HASIRAH, Petitioner,**

v.

**The DEPARTMENT OF HOMELAND SECURITY, f/k/a The United States Immigration and Naturalization Service, Respondent.**

**Docket No. 04–0914–ag.**

United States Court of Appeals, Second Circuit.

Submitted: Jan. 18, 2007.

Decided: Feb. 22, 2007.

Frederick P. Korkosz, Law Offices of Alice K. Berke, Albany, NY, for Petitioner.

Richard L. Pomeroy, Assistant United States Attorney (Timothy M. Burgess, United States Attorney for the District of Alaska, on the brief), Anchorage, AK, for Respondent.

Before LEVAL and STRAUB, Circuit Judges, and UNDERHILL, District Judge.*

PER CURIAM.

Riyad Darwich Mustafa Abu Hasirah ("Abu Hasirah" or "Petitioner") petitions for review of the order by the Board of Immigration Appeals ("BIA"), affirming Immigration Judge ("IJ") Michael Rocco's denial of his motion to reopen proceedings following the entry of an order of removal *in absentia.* *In re Abu Hasirah,* No. A76 239 310 (B.I.A. Jan. 26, 2004), *aff'g* No. A76 239 310 (Immig. Ct. Buffalo Nov. 18, 2002). Because the Petitioner's unintentional lateness to the removal proceeding by fifteen minutes did not constitute a failure to appear within the meaning of 8 U.S.C. § 1229a(b)(5), the agency's order removing him *in absentia* under that statute was premised on legal error. We therefore grant the petition, vacate the BIA's order, and remand for further proceedings in accordance with this opinion.

## BACKGROUND

Abu Hasirah, a native and citizen of Jordan, was paroled into the United States on October 18, 1997 to pursue an application for adjustment of status under section 245 of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1255. His application for adjustment of status was denied on November 29, 1999. By Notice to Appear dated November 30, 1999, Abu Hasirah was charged as being removable pursuant to (1) section 212(a)(6)(C)(i) of the Act, 8 U.S.C. § 1182(a)(6)(C)(i), for attempting to procure adjustment of status by fraud or by willfully misrepresenting a material fact, specifically, by entering into a fraudulent marriage with a U.S. citizen;

---

\* The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

and (2) section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid unexpired immigrant visa or other valid entry document as required by the Act.

At a preliminary hearing held on September 26, 2000, Abu Hasirah, through counsel, conceded inadmissibility for nonpossession of a valid immigrant visa, but denied inadmissibility on the charge of misrepresentation. A hearing on the merits of the contested charge was initially set for February 16, 2001; it was subsequently rescheduled several times due to circumstances involving Petitioner's counsel. On February 4, 2002, Abu Hasirah appeared with new counsel, James Davis, Esq., and requested a continuance to allow new counsel time to prepare. The IJ granted the request and reset the matter for July 19, 2002, at 9:00 a.m. Abu Hasirah was personally served with the Notice to Appear, which clearly stated the date, time, and place of the hearing, and explained the consequences should he fail to attend.

On July 19, 2002, neither Abu Hasirah nor his new attorney appeared at the hearing at 9:00 a.m. The IJ went forward with the hearing *in absentia*, found Abu Hasirah inadmissible as charged, and ordered him removed from the United States. According to the court's log-in sheet, Abu Hasirah arrived fifteen minutes late, at 9:15 a.m.; Davis signed in shortly thereafter, at 9:22 a.m. Court staff personally served Abu Hasirah, Davis, and the government with the written removal order at 9:22 a.m.

On September 17, 2002, Abu Hasirah filed a motion to reopen and to rescind the *in absentia* order of removal. In support of the motion, Abu Hasirah submitted an affidavit explaining the circumstances of his tardiness on the morning of July 19. According to the affidavit, Abu Hasirah went to meet Davis at the latter's office at 8:00 a.m., and waited there until a few minutes past 9:00 a.m. At that point, Abu Hasirah proceeded to the courthouse on his own, and after a slight delay getting through the security checkpoint, reached the assigned room at 9:05 a.m. When Davis arrived at 9:18 a.m., the Assistant U.S. Attorney and Arabic interpreter were still outside the courtroom; they informed Davis and Abu Hasirah that the case had already been heard.

On October 8, 2002, Abu Hasirah, with the assistance of his present attorney, filed a supplemental affidavit in support of the pending motion to reopen. In the supplemental affidavit, Abu Hasirah stated that he went to Davis's office instead of going straight to the courthouse because Davis told him to meet there at 8:00 a.m. to discuss the case prior to the hearing. Davis never came to the office, however. Abu Hasirah asserted that after waiting for Davis for nearly an hour, he left for the courthouse, located directly across the street, approximately five minutes *before* 9:00 a.m. Abu Hasirah claimed that it took him more than ten minutes to clear the security checkpoint, however, which pushed his arrival time in the courtroom to 9:15 a.m.

On November 18, 2002, the IJ denied the motion to reopen, finding Abu Hasirah had failed to establish that exceptional circumstances prevented him from appearing at the hearing on time. The BIA affirmed without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). This petition for review followed.

## DISCUSSION

█ Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006). We review the denial of a motion to reopen a removal

proceeding for abuse of discretion. *Id.* The standard of abuse of discretion is satisfied where the agency, in making a discretionary determination, has misunderstood or misapplied the governing law. *See Ratliff v. Davis Polk & Wardwell,* 354 F.3d 165, 168 (2d Cir.2003). We review *de novo* the agency's determinations of law. *Mardones v. McElroy,* 197 F.3d 619, 624 (2d Cir.1999).

Here, Abu Hasirah sought to reopen proceedings for purposes of rescinding an order of removal issued *in absentia* under the standards of 8 U.S.C. § 1229a. That section provides that "[a]ny alien who, after written notice ... has been provided to the alien or the alien's counsel of record, *does not attend* a proceeding under this section, shall be ordered removed in absentia if the [government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A) (emphasis added). With exceptions not relevant here, "[s]uch an order may be rescinded only ... upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances...." *Id.* § 1229a(b)(5)(C)(i). The term "exceptional circumstances" is defined as circumstances beyond the control of the alien, "such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." *Id.* § 1229a(e)(1).

Abu Hasirah contends that the *in absentia* order should be rescinded because his briefly and innocently delayed appearance did not amount to a failure to "attend a proceeding" under § 1229a(b)(5)(A). Alternatively, Abu Hasirah argues that the IJ abused his discretion in refusing to reopen proceedings because the confusion regarding his attorney's whereabouts, and the delay caused by the security checks, constitute "exceptional circumstances" within the meaning of § 1229a(e)(1). Finally, Abu Hasirah asserts that the ineffective assistance of his former attorney, James Davis, warrants rescission of the removal order.

We begin with Petitioner's argument that his fifteen-minute delay was not a failure to appear, for such failure is a prerequisite for entry of an order of removal *in absentia.*[1] Although this is a matter of first impression for this Court, several other circuits have considered the issue in cases involving factual circumstances very similar to those presented here. In *Alarcon–Chavez v. Gonzales,* 403 F.3d 343 (5th Cir.2005), for instance, the petitioner arrived at his asylum hearing twenty minutes late because he missed the correct highway exit during rush-hour traffic. *Id.* at 344–45. By the time the petitioner entered the courtroom, the IJ had already exited the courtroom after issuing an order of deportation *in absen-*

---

1. Our jurisdiction to review orders of removal entered *in absentia* is generally limited to "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." · 8 U.S.C. § 1229a(b)(5)(D). As further explained below, however, whether Abu Hasirah's tardiness should be considered a failure to appear is a question of statutory interpretation. We have jurisdiction to review questions of law, notwithstanding the strictures of § 1229a(b)(5)(D). *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing ... in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or *questions of law* raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." (emphasis added)).

tia. The petitioner filed a timely motion to reopen the proceeding and to rescind the *in absentia* removal order, but the IJ denied relief, ruling that the petitioner had failed to demonstrate exceptional circumstances for his failure to appear. The BIA affirmed without opinion. *Id.* at 345.

The Fifth Circuit granted the petition for review and reversed the BIA's decision. The court emphasized that Alarcon–Chavez had been on time to his previous hearings, and that his "unfortunate but fully understandable mistake of taking the wrong exit off the busy interstate" had resulted in a mere twenty-minute delay. *Id.* at 346. Under these circumstances, the Fifth Circuit concluded, "there was no *failure* to attend." *Id.* More generally, it held that where "(1) there is no failure but only a slight tardiness, (2) the IJ is either still on the bench or recently retired and still close by, and (3) the time of the [alien]'s delayed arrival is still during 'business hours,' it is an abuse of discretion—if not worse—to treat such slight tardiness as a non-appearance." *Id.*

The Third Circuit reached a similar holding in *Cabrera–Perez v. Gonzales,* 456 F.3d 109 (3d Cir.2006) (per curiam). In the facts of that case, the petitioner missed her removal proceeding by fifteen or twenty minutes because heavy traffic delayed a witness in getting to the meeting place, and because the person who drove the petitioner and the witness to the courthouse was unfamiliar with the area. *See id.* at 113, 117. As the petitioner had previously conceded removability, the IJ ordered removal *in absentia. Id.* at 113. The petitioner promptly moved to reopen the proceeding, but the IJ denied the motion, concluding that the petitioner's "problems arriving on time were foreseeable and not beyond her control." *Id.* at 114. The BIA adopted and affirmed the IJ's decision. *Id.*

The Third Circuit reversed the denial of the motion to reopen and the *in absentia* order of removal. The court held that the petitioner's tardiness should not have been treated as a failure to appear, since the delay was minimal, "there ha[d] been no prior instances of tardiness, and the IJ [was] either still on the bench or recently retired and close by." *Id.* at 116. Thus, even though the circumstances of the petitioner's delay were probably not "exceptional," the Third Circuit concluded that the IJ had abused his discretion in refusing to rescind the *in absentia* order and reopen the removal proceeding. *See id.* at 116–17.

We agree with the Third and Fifth Circuits that a brief, innocent lateness does not constitute a failure to appear within the meaning of 8 U.S.C. § 1229a. The IJ's application of the *in absentia* statutory provision to Abu Hasirah in the circumstances of this case was therefore premised on legal error.

Congress's choice of words, specifying the consequences when an alien "does not attend" a proceeding, coupled with the grave consequences Congress attached to that circumstance, strongly suggest that Congress did not intend the provisions of § 1229a(b)(5) to apply to a brief, innocent and understandable tardiness. We believe the provision for virtually non-revocable *in absentia* orders of removal was intended for the more serious case of an alien who failed entirely to appear for a hearing. *See Herbert v. Ashcroft,* 325 F.3d 68, 71 (1st Cir.2003) (noting that the statute's harsh provisions for those who failed to appear "were adopted in response to a serious problem: some aliens deliberately did not appear for hearings and thus effectively extended their stay in this country"); *see also* H.R.Rep. No. 101–681(I) (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, at 6556–57 (finding, in a report accompanying H.R. 5269 which contained language simi-

lar to § 1229a, that in one sample study 27% of aliens failed to appear for deportation hearings, and that *"willful and unjustifiable* failure to attend deportation hearings that have been properly noticed is intolerable" (emphasis added)).

The court's log-in sheet shows that Abu Hasirah was late by a mere fifteen minutes, and that his attorney arrived just seven minutes afterwards, at 9:22 a.m. Nothing about the circumstances suggested an intention to evade the court process. Although a few minutes late, Abu Hasirah arrived during normal business hours, when one would expect the court to be in session. Furthermore, this was Abu Hasirah's first instance of tardiness.

We hold that the IJ erroneously found that Abu Hasirah "[did] not attend" his proceeding, and therefore erroneously ordered him removed *in absentia.* Section 1229a's provision for *in absentia* removal, which may be rescinded only in "exceptional circumstances," is not applicable to such a brief, innocent delay. Because the IJ's denial of Abu Hasirah's motion to reopen was premised on a misinterpretation of the governing statute, we find that the standard of abuse of discretion has been satisfied. The BIA's order, which affirmed the IJ's denial of the motion to reopen and upheld the removal order, is accordingly vacated.

### CONCLUSION

For the foregoing reasons, the petition is GRANTED. The BIA's decision affirming the denial of Petitioner's motion to reopen is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. Our review having been completed, the pending motion for stay of removal is DENIED as moot.