MIN GUI LIN, Petitioner,

v.

Alberto R. GONZALES, Attorney

General *, Respondent.

No. 06–3880–ag.

United States Court of Appeals,
Second Circuit.

May 22, 2007.

Fengling Liu, New York, NY, for petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul E. Naman, Assistant United States Attorney, Beaumont, TX, for respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Min Gui Lin, a citizen of China, petitions for review of a July 24, 2006, order of the BIA affirming the March 3, 2006, decision of Immigration Judge ("IJ") Jeffrey S. Chase denying his motion to rescind the removal order entered against him *in absentia.* *In Re Min Gui Lin,* No. A98 478 703 (B.I.A. July 24, 2006), *aff'g* No. A98 478 703 (Immig. Ct. N.Y. City March 3, 2006). We assume the parties'

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for Attorney General John Ashcroft.

familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms and adopts the IJ's decision and supplements it, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the denial of a motion to rescind for abuse of discretion, which may be found when the IJ or BIA "has misunderstood or misapplied the governing law." *Abu Hasirah v. Dep't of Homeland Sec.,* 478 F.3d 474, 476–77 (2d Cir.2007) (per curiam). We review the agency's legal determinations *de novo, see id.* at 477, and its factual findings for substantial evidence, accepting them unless a reasonable adjudicator would be compelled to reach a contrary conclusion, *see Gjolaj v. BCIS,* 468 F.3d 140, 142 (2d Cir.2006).

■ The BIA's decision rests on two errors. First, the BIA stated that in the affidavit Lin offered along with his motion to rescind the *in absentia* removal order, he failed to assert that he had not received a notice to appear. In his affidavit, however, Lin contended that he had played no role in filing the first asylum application bearing his name and only learned of its existence after attempting to file a second asylum application himself. Receiving a notice to appear would have informed Lin that the first asylum application had been filed in his name, so his statement that he did not know about the application necessarily implies that he did not receive the notice to appear. Lin's affidavit thus does sufficiently deny receipt of the notice to appear. It is unclear whether the BIA's reading of the affidavit was a legal or factual determination; if the former, we are satisfied on *de novo* review that it was erroneous, and if the latter, it was an error of law for the BIA to make such a finding

in the first instance, *see* 8 C.F.R. 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts ..., the [BIA] will not engage in factfinding in the course of deciding appeals.").

■ Second, the BIA inappropriately invoked the presumption of receipt of notices to appear, which applies when an alien moves to rescind an *in absentia* removal order claiming nonreceipt of a notice to appear at the mailing address he or she had previously provided to immigration authorities. *See generally Lopes v. Gonzales,* 468 F.3d 81 (2d Cir.2006). Here, however, Lin contends that he did not submit or authorize the submission of the first asylum application and never gave authorities the address listed on it. If the notice to appear was sent to an address he never gave, the presumption of receipt is inapplicable. *See Lopes,* 468 F.3d at 85 ("[A] presumption of receipt is proper so long as the record establishes that *the notice was accurately addressed* and mailed in accordance with normal office procedures." (emphasis added)).

We cannot predict with confidence that the BIA, absent these errors, would have rejected Lin's claim of nonreceipt, *see Li Zu Guan v. INS,* 453 F.3d 129, 136–37 (2d Cir.2006), and we remand for further proceedings. Because resolution of Lin's claim of nonreceipt will likely turn in part on the BIA's assessment of his credibility, we note that two of the reasons the IJ offered for doubting the veracity of Lin's contentions are based on a misreading of Lin's affidavit and therefore lack the support of substantial evidence. First, the IJ questioned how Lin could have included his passport number on his second asylum application when his affidavit stated that the snakehead had taken away his passport after he entered this United States.

Lin's affidavit, however, states that the snakehead returned his passport in Puerto Rico before he boarded a plane for New York City. Second, the IJ asserted that Lin had stated in his affidavit that he had been paroled by the Department of Homeland Security ("DHS") in Puerto Rico, and he questioned why Lin would file a second asylum application contradicting this fact. Lin stated in his affidavit, however, that he entered Puerto Rico by boat, and he did not contend that he was ever paroled there by DHS. We also note that although the IJ faulted Lin for failing to provide supporting affidavits, Lin offered the BIA an affidavit from his cousin that partially corroborates his account. Although the BIA may have reasonably refused to consider this affidavit on appeal in the first instance, in the event of a remand to the IJ for further proceedings, it may be appropriate for the IJ to consider this evidence.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings not inconsistent with this order. The pending motion for a stay of removal is DENIED as moot.