**YIYI LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

No. 04–0043–ag.

United States Court of Appeals, Second Circuit.

July 12, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as the respondent in this case.

Shirley L. Wong, Shirley L. Wong, Ltd., Chicago, IL, for Petitioner.

Katherine W. Vincent, Assistant United States Attorney for the Western District of Louisiana (Donald W. Washington, United States Attorney, on the brief), Lafayette, LA, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yiyi Lin, a native and citizen of the People's Republic of China, seeks review of a December 5, 2003 order of the BIA denying his motion to reexamine its August 7, 2003 denial of his motion to reopen. *See In re Yiyi Lin,* No. A77 567 391 (B.I.A. Dec. 5, 2003). Prior to filing the motion to reopen, Lin moved for reconsideration of the BIA's September 27, 2002 order denying his motion to remand; that motion to reconsider was denied on January 28, 2003. We assume the parties' familiarity with the balance of the facts and procedural history of this case.

Lin did not file a timely petition for review from the BIA's August 7, 2003 denial of his motion to reopen, its January

28, 2003 denial of his motion to reconsider, or its September 27, 2002 denial of his motion to remand. We are therefore precluded from passing on the merits of those earlier orders, and must confine our review to the BIA's December 5, 2003 denial of the motion to reexamine. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *see also* 8 U.S.C. § 1252(b)(1). We consider the denial of the motion to reopen only insofar as it bears on the denial of the motion to reexamine.

■ The BIA properly construed Lin's motion to reexamine as a motion to reconsider, as petitioner alleged errors in the BIA's previous order denying the motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1). This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *Jin Ming Liu,* 439 F.3d at 111. An abuse of discretion may be found where the BIA "has misunderstood or misapplied the governing law," *Abu Hasirah v. Dep't of Homeland Security,* 478 F.3d 474, 477 (2d Cir.2007) (per curiam), or "where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner," *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

■ As the government concedes,[2] the BIA committed legal error in concluding that Lin had exceeded the statutory numerical limitations for filing motions to reconsider. A party is allowed one motion to reconsider "any given decision." 8

C.F.R. § 1003.2(b)(2). Lin's motion to reexamine was the sole motion filed for reconsideration of the August 7, 2003 decision denying his motion to reopen.

■ As an alternative ground for denial, however, the BIA determined that there was "no error in [its] prior decision" denying Lin's motion to reopen. The BIA correctly concluded that the motion to reopen was untimely because it was filed on April 25, 2003, more than 90 days after the final administrative decision dismissing Lin's merits appeal on September 27, 2002. *See* 8 C.F.R. § 1003.2(c)(2). Lin now contends that the BIA should have construed his October 25, 2002 motion to reconsider as a motion to reopen, which would have been timely under the regulations. As noted, however, Lin did not petition for review of the BIA's order denying his motion to reconsider. Accordingly, we lack jurisdiction to consider this argument. *See* 8 U.S.C. § 1252(b)(1).

■ Finally, Lin argues that the BIA erred in summarily concluding that there were no errors in its previous decision denying the motion to reopen. Although the BIA did not elaborate on its reasoning in the December 5, 2003 decision, it referred to its August 7, 2003 decision, which explained in some detail the reason for the denial of the motion to reopen. As discussed, the BIA was correct to reject the motion to reopen as untimely. We therefore conclude that the BIA did not exceed its allowable discretion in declining reconsideration.

For the foregoing reasons, the petition for review is DENIED. Our review hav-

2. In his reply brief, Lin requests that the government's brief be stricken as untimely. Although the government was late in filing its brief, Lin's brief was also filed past the set deadline. Given Lin's similar infirmity and our general policy against consideration of arguments raised only in the reply brief, *see Dixon v. Miller,* 293 F.3d 74, 80 (2d Cir.2002), we decline to strike the government's brief.

ing been completed, the pending motion for a stay of removal is DENIED as moot.