Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Mehmood Azis PUNJWANI, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 06–4268–ag.

United States Court of Appeals, Second Circuit.

Dec. 12, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Adam Paskoff, Stephen Ira Tamber, New York, NY, for Petitioner.

Peter D. Keisler, Carol Federighi, Senior Litigation Counsel, J. Max Weintraub, Attorney, Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mehmood Azis Punjwani, a citizen of Pakistan, seeks review of a September 8, 2006 order of the BIA, denying his motion to reopen removal proceedings. *In re Mehmood Azis Punjwani,* No. A70 585 995 (B.I.A. Sept. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Punjwani contends that the BIA abused its discretion in denying as untimely his motion to reopen, *Abu Hasirah v. Dep't of Homeland Sec.,* 478 F.3d 474, 476–77 (2d Cir.2007) (per curiam), because it erred in refusing to equitably toll the ninety-day limitation period for filing such a motion, *see* 8 C.F.R. § 1003.2(c)(2). The BIA's finding that Punjwani should have discovered the alleged ineffective assistance of counsel "at least by 2003" was an abuse of discretion because the BIA's explanation is not supported by the record. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005); *see also Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006) (explaining that equitable tolling requires an alien to demonstrate due diligence in pursuing the claim that he seeks to toll from the point when ineffective assistance of counsel should have been, or was in fact, discovered). In his affidavit, Punjwani states that he was advised by his attorney not to leave the country following his voluntary departure order and to focus on his adjustment of status application. Further, Punjwani asserts that because the Department of Homeland Security notified him in March 2002 that it could take up to 540 days to process his adjustment of status application and because he had not yet received a response to that application, he had no reason to suspect that he had received ineffective assistance of counsel until his arrest in June 2006 for an unrelated traffic offense. Rather than addressing these proffered facts directly, the BIA stated without explanation that Punjwani should have discovered the alleged ineffective assistance by at least 2003. Such a statement alone is insufficient to support

the BIA's finding, and thus constitutes an abuse of discretion.

For the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED and the case is RE-MANDED for further proceedings. The pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).