**MAN KWAN WONG, Petitioner,**

v.

**Michael B. MUKASEY,\* Respondent.**

**No. 04–5832–ag.**

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

Meer M.M. Rahman, New York, New York, for Petitioner.

Steven Engel (Jim Letten, United States Attorney for the Eastern District of Louisiana, Peter M. Mansfield, Assistant United States Attorney, Diane Hollenshead Copes, Assistant United States Attorney, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Man Kwan Wong, a citizen of the People's Republic of China, petitions for review of the October 22, 2004 BIA order denying her motion to reopen her deportation proceedings. *In re Man Kwan Wong,* No. A73 629 351 (B.I.A Oct. 22, 2004). The motion to reopen follows a December 8, 1997 order affirming Immigration Judge ("IJ") William F. Jankun's order denying petitioner's request for asylum and withholding of deportation. *In re Man Kwan Wong,* No. A73 629 351 (B.I.A. Dec. 8, 1997), *aff'g* No. A73 629 351 (Immig. Ct. N.Y. City June 11, 1996). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Wong contends that the BIA abused its discretion in denying as untimely her motion to reopen, *see Abu Hasirah v. Dep't of Homeland Sec.,* 478 F.3d 474, 476–77 (2d Cir.2007) (per curiam), because it erred in refusing to exercise its *sua sponte* discretion to reopen her proceeding following the approval of her Form I–140, immigrant

petition for alien worker. The BIA's decision was not an abuse of discretion because the motion to reopen was not filed within 90 days of the final administrative decision, *see* 8 C.F.R. § 1003.2(c)(2), and none of the regulatory exceptions listed in 8 C.F.R. § 1003.2(c)(3) apply to this case. Additionally, this Court lacks jurisdiction to review the BIA's decision not to exercise its *sua sponte* powers in order to grant relief to petitioner. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (per curiam) (holding that "a decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary and therefore beyond our review").

For the foregoing reasons, the petition for review is DISMISSED. The previously granted stay of deportation is VACATED.