10-2504-ag
Turner v. Holder

BIA
Straus, IJ
A038 959 380

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand twelve.

PRESENT:
>           JON O. NEWMAN,
>           RALPH K. WINTER,
>           ROSEMARY S. POOLER,
>                _Circuit Judges._

_____

WILBERT KITSON ANDREW TURNER
>           _Petitioner,_

>           v.                                        10-2504-ag
>                                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           _Respondent._

_____

FOR PETITIONER:           Nancy E. Martin, Wethersfield, Conn.

FOR RESPONDENT:           Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED.

Wilbert Kitson Andrew Turner, a native and citizen of Jamaica, seeks review of a May 28, 2010, decision of the BIA affirming the January 8, 2010, decision of Immigration Judge ("IJ") Michael Straus denying his motion to reopen his removal proceedings in order to challenge a removal (then called deportation) order entered *in absentia* in 1991.[1] *In re Wilbert Kitson Andrew Turner*, No. A038 959 380 (B.I.A. May 28, 2010), *aff'g* No. A038 959 380 (Immig. Ct. Hartford Jan. 8, 2010). Turner alleges that if he had been present at the deportation hearing, he would have been eligible to apply for a waiver of deportation because he was a permanent resident of the United States, his wife and six children are United States citizens, and the offense for which he was ordered deported involved less than 30 grams of marijuana.[2] We assume the

[1]Turner filed an initial motion to reopen in 1999, which was denied. His administrative appeal was dismissed as untimely. No judicial review was sought. The IJ ruled in the pending case that, because Turner was in deportation proceedings, his current motion to reopen was not number-barred.

[2]Turner's brief cites to 8 U.S.C. § 1251(f)(2)(A)(B), which we cannot locate. It is likely that he means to cite 8 U.S.C. § 1251(a)(2)(B)(i) (1988), applicable at the time of his *in absentia*

-2-

parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An abuse of discretion may be found where the agency "has misunderstood or misapplied the governing law." *Abu Hasirah v. Dep't of Homeland Sec.,* 478 F.3d 474, 476-77 (2d Cir. 2007) (per curiam).

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). An order of removal entered *in absentia* may be rescinded upon a motion to reopen filed at any time if the alien demonstrates that he did not receive notice as required. 8 U.S.C. § 1229a(b)(5)(C). In the pending case, Turner sought reopening.

The agency did not abuse its discretion in determining that Turner received proper service of his order to show cause ("OSC") by personal service. *See* 8 C.F.R. § 242.1(c)(1990) (providing that service of an order to show cause could "be

deportation hearing, which contains the exemption from deportation for "a single offense involving possession for one's own use of 30 grams or less of marijuana." That section is now codified at 8 U.S.C. § 1227(a)((2)(B)(i) (2006).

accomplished either by personal service or by routine service."); C.F.R §§ 103.5a(a)(2)(i), (iv) (1990) (providing that personal service could be effectuated by "[d]elivery of a copy personally"). Substantial evidence supports the agency's finding that Turner received the OSC by hand, as the OSC indicates it was served by hand, and a sworn affidavit from a local sheriff with custody of Turner stated that Turner was turned over to immigration custody on the date the OSC was served. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

However, the agency abused its discretion by committing an error of law in considering Turner's claim that he did not receive notice of his deportation hearing. The OSC did not specify the place or date for Turner's deportation hearing. Once the place and date were initially determined, no notice of the hearing was sent to 5001 Kindly Court, Apt. D, Virginia Beach, Virginia, which Turner claims was his address at the time his initial hearing notices were sent. This address was set forth in the OSC. The OSC also indicates that Turner requested a hearing in Connecticut. Two hearing notices for

-4-

a rescheduled hearing were sent by regular mail to "638 Howe Avenue Shelton CT 06484." This address was listed on Turner's "Record of Deportable Alien." These notices were returned as undeliverable. Two subsequent hearing notices were sent in late 1990 to "80 Spruce Street #3E Stamford CT 06902." This address was listed on a 1985 Connecticut state court document. The second of these notices specified the January 3, 1991, date of the hearing at which the *in absentia* order was issued. This notice was not returned by postal authorities. The Government asserts that this was the address of his then girl friend's mother.

The IJ, as affirmed by the BIA, concluded that these attempts to mail notice to Turner satisfied the requirement that reasonable notice under all of the circumstances be given. *See* INA § 242(b)(1)(1990), 8 U.S.C. 1252(b)(1)(1990) (applicable at the time Turner's hearing notices were mailed, and providing that a person subject to deportation proceedings was to "be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held").

In reaching this conclusion, the agency abused its discretion by assessing only whether notice was properly

mailed, rather than actually received. We have held that although the question of whether an IJ may *enter* an *in absentia* removal order turns on whether written notice was properly mailed, "[w]hen an alien seeks to rescind the removal order [] claiming that he did not receive notice of the hearing, . . . the central issue no longer is whether the notice was properly mailed . . ., but rather whether the alien actually *received* the notice." *Alrefae v. Chertoff,* 471 F.3d 353, 359 (2d Cir. 2006)(emphasis in the original) (internal citations omitted); *Lopes v. Gonzales,* 468 F.3d 81, 84 (2d Cir. 2006) (per curiam) ("*Lopes I*"). When notice is sent by regular mail, the agency may apply a "slight" rebuttable presumption of receipt if "the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures." *Lopes I,* 468 F.3d at 85-86 (interpreting the requirement under 8 U.S.C. § 1229(a)(1) that a notice to appear "shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record)"). This presumption "does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt." *Lopes v. Mukasey*, 517 F.3d 156, 160 (2d Cir. 2008) ("*Lopes II*"). In

-6-

turn, the agency has an obligation to "consider all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption," *Alrefae*, 471 F.3d at 359-60, including whether the alien claiming non-receipt had an interest in attending his hearing, *Lopes II*, 517 F.3d at 160.

Because the two notices sent to the "638 Howe Ave" address were returned as undeliverable the record establishes that Turner did not receive them, and the agency therefore erred in relying on them. Even if the record supported its determination that notice was properly mailed, it refutes his receipt of them. *See Alrefae*, 471 F.3d at 359; *Lopes I,* 468 F.3d at 84.

The agency also erred by analyzing whether the notices sent to the "80 Spruce St." address were reasonably sent, rather than whether they were received. *See Alrefae*, 471 F.3d at 359; *Lopes I,* 468 F.3d at 84. Turner stated in a 2008 affidavit that he never lived at that address and that his daughter's mother lived there only a short time. The record does not indicate that anyone connected to Turner resided at the "80 Spruce St" address in 1990 when the hearing notices were mailed or indicate any other justification for the INS to believe that the address was the then current address at which

Turner resided or the last address provided by Turner. *Cf*. *Matter of Munoz-Santos*, 20 I. & N. Dec. at 206-07 (relying on the fact that notice was sent to the last address provided to support finding that notice was properly served).

Because the agency considered the reasonableness of the mailing of hearing notices, rather than the fact of their receipt, the denial of reopening must be remanded for further consideration. Upon remand, the agency will have to consider whatever force can reasonably be given to the presumption of receipt arising from mailing to the 80 Spruce St. address (the only address from which a mailing of notices was not returned) and consider the direct and circumstantial evidence of non-receipt provided by Turner.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk