Jiang v. Holder

BIA
Chew, IJ
A089 254 321

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

ZONGXUN JIANG,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-3158-ag
NAC

_____

FOR PETITIONER:     Gang Zhou, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; John J.W. Inkeles, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Zongxun Jiang, a native and citizen of the People's Republic of China, seeks review of a July 8, 2011, order of the BIA affirming the September 2, 2009, decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zongxun Jiang*, No. A089 254 321 (B.I.A. July 8, 2011), *aff'g* No. A089 254 321 (Immig. Ct. N.Y. City Sept. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA largely adopted the IJ's decision, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the Board's factual findings, including credibility determinations, for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Shi Jie Ge v. Holder,* 588 F.3d 90, 93-94 (2d Cir. 2009). However, this Court will

2

vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005); *Tian-Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir. 2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Because the agency found that Jiang demonstrated past persecution, he benefits from the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i); *see also Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 105 (2d Cir. 2006). However, an IJ must still deny asylum to an applicant who establishes eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear. 8 C.F.R. § 1208.13(b)(1).

Here, the agency abused its discretion by failing to give Jiang the full benefit of the presumption to which he was entitled. *See Kone v. Holder*, 596 F.3d 141, 150 (2d Cir. 2010); *see also Abu Hasirah v. Dep't of Homeland Sec.*,

3

478 F.3d 474, 476-77 (2d Cir. 2007) (per curiam) (the agency abuses its discretion when it misapplies the governing law). The agency found that the government overcame the presumption of Jiang's future persecution based solely on his testimony that he lived and worked in China for 20 years after his persecution and that he was unsure whether the song for which he was originally persecuted for singing publicly is currently banned in China. The agency explained that Jiang does not have a well-founded fear of future persecution because he failed to indicate that the authorities in China are still looking for him. However, by relying on Jiang's failure to show that Chinese authorities are still looking for him, the agency misapplied the presumption of future persecution because it placed the burden on Jiang to show that he would be persecuted in the future rather than holding the government to its evidentiary burden of showing that Jiang would not be persecuted in the future. *See Kone*, 596 F.3d at 150.

Moreover, Jiang's testimony that he remained in Shanghai for 20 years after he was persecuted is, standing alone, insufficient to satisfy the government's burden, particularly given Jiang's testimony that he was under

4

probationary supervision during that time.  *Cf. Kone*, 596 F.3d at 150 ("The government cannot satisfy its burden to demonstrate that Kone will not be threatened simply by showing that she enjoyed periods with no new persecution ....").  Likewise, Jiang's testimony regarding his uncertainty about current Chinese government policy toward a particular "anti-patriotic" song is insufficient to establish a fundamental change of conditions.  *See Islami v. Gonzales*, 412 F.3d 391, 397-98 (2d Cir. 2005) (government's burden to show changed circumstances met by providing "copious evidence that the nationalistic Serb domination of Kosovo has ended"), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007); *Passi v. Mukasey*, 535 F.3d 98, 102 (2d Cir. 2008).

Finally, the agency also abused its discretion by failing to consider Jiang's eligibility for humanitarian asylum under the second prong of the regulatory framework. *See Matter of L-S-*, 25 I&N Dec. 705, 715 (BIA 2012) ("If the Immigration Judge finds that the respondent did not demonstrate 'compelling reasons' for granting asylum based on the severity of his past persecution, he should also determine whether the respondent has established a

5

'reasonable possibility' that he will suffer 'other serious harm' under 8 C.F.R. § 1208.13(b)(1)(iii)(B)."). Here, the agency considered and rejected Jiang's application for humanitarian asylum solely on the basis that his past persecution was insufficiently severe without considering whether he had established a reasonable possibility of other serious harm in China. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(B). As with the agency's error regarding the presumption of future persecution, the agency's error regarding humanitarian asylum requires remand because we cannot predict with confidence that the agency would reach the same result on remand absent its errors. *Kone*, 596 F.3d at 143.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the agency for further proceedings consistent with this opinion. As we have completed our review, the pending motion to take judicial notice is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

6