Singh v. Bondi

BIA
A206 196 084

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

PUSHPINDER SINGH,
> *Petitioner,*

v.                                                              **23-6345**
                                                                **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**            Lawrence Spivak, Jamaica, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Zachary S. Hughbanks, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pushpinder Singh, a native and citizen of India, seeks review of a March 14, 2023, decision of the BIA denying his motion to reconsider. *In re Pushpinder Singh*, No. A206 196 084 (B.I.A. Mar. 14, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's March 2023 decision denying Singh's motion to reconsider because Singh timely petitioned for review only from that decision. *See Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 89–90 (2d Cir. 2001) ("[A]n appeal from a final order . . . and an appeal from the denial of a motion to . . . reconsider that final order involve[] two separate petitions filed to review two separate final orders.") (internal quotation marks omitted). Thus, Singh's only reviewable argument is whether the BIA abused its discretion when it failed to conduct a separate analysis of his family-based social group after acknowledging

a change of law and stating that it was not relying on the vacated authority on which the IJ's decision had relied.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Aliyev v. Mukasey*, 549 F.3d 111, 115–16 (2d Cir. 2008). "An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao*, 265 F.3d at 93 (citations omitted). An abuse of discretion may also be found if the BIA "has misunderstood or misapplied the governing law." *Abu Hasirah v. Dep't of Homeland Sec.*, 478 F.3d 474, 477 (2d Cir. 2007).

A "motion [to reconsider] shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C). "A motion for reconsideration is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (quoting *Matter of Cerna*, 20 I. & N. Dec. 399, 402 n. 2 (B.I.A. 1991)).

3

Contrary to Singh's assertion that the BIA erroneously affirmed and adopted the IJ's reliance on vacated authority, the BIA cited *Matter of Burbano*, which explains that adoption or affirmance of a decision of an IJ, in whole or in part, is "simply a statement that the Board's *conclusions* upon review of the record coincide with those which the immigration judge articulated in his or her decision." 20 I. & N. Dec. 872, 874 (B.I.A. 1994) (emphasis added). And in denying reconsideration, the BIA reiterated its statement from its November 2022 decision that it did "not rely upon those vacated decisions [*Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019), *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), and *Matter of A-B-*, 28 I. & N. Dec. 199 (A.G. 2021)] when [it] reviewed the [IJ]'s legal determinations." *In re Pushpinder Singh*, No. A206 196 084 (B.I.A. Mar. 14, 2023).

The BIA did not abuse its discretion by not separately analyzing Singh's proposed family-based social group. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Here, the BIA adopted and affirmed the IJ's decision, including its adverse credibility determination, which was dispositive of all relief. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) ("Where the same factual predicate underlies a

4

petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief."). Thus, Singh's assertion that the BIA was required to further explain why his family-based social group were not cognizable under pre-*L-E-A-* and *A-B-* law is without merit because he remained ineligible for relief on credibility grounds, irrespective of a whether his proposed family-based social group was cognizable.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court