24-1565-ag
Calle v. Bondi

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-five.

PRESENT:  RAYMOND J. LOHIER, JR.,
　　　　　　　SUSAN L. CARNEY,
　　　　　　　MYRNA PÉREZ,
　　　　　　　　　*Circuit Judges*.
------------------------------------------------------------------

HUMBERTO ISIDORO CALLE,

　　　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　　　　No. 24-1565-ag

PAMELA BONDI, UNITED STATES ATTORNEY
GENERAL,

　　　　　*Respondent*.
------------------------------------------------------------------

FOR PETITIONER: Derek A. DeCosmo, DeCosmo Law, Camden, NJ

FOR RESPONDENT: Yaakov M. Roth, Acting Deputy Assistant Attorney General, Nancy Friedman, Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED for further proceedings.

Petitioner Humberto Isidoro Calle, a native and citizen of Ecuador, petitions for review of a decision of the BIA denying his motion to remand to pursue applications for military parole in place and adjustment of status before U.S. Citizenship and Immigration Services ("USCIS"). *In re Calle*, No. A097 423 096 (B.I.A. May 14, 2024), *aff'g* No. A097 423 096 (Immigr. Ct. N.Y.C. Oct. 17, 2019). The BIA also dismissed Calle's appeal of the denial by an Immigration Judge ("IJ") of his motion for cancellation. But Calle petitions only for review of the BIA's denial of his motion to remand. We assume the parties' familiarity

with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen," and we review the denial of such a motion for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156, 157 (2d Cir. 2005). An abuse of discretion may be found "if the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 157 (quotation marks omitted). An abuse of discretion may also be found if the BIA "has misunderstood or misapplied the governing law." *Abu Hasirah v. Dep't of Homeland Sec.*, 478 F.3d 474, 477 (2d Cir. 2007).

The BIA may deny a motion to remand that relies on newly available evidence if (1) "the movant has not established a prima facie case for the underlying substantive relief sought," (2) "the movant has not introduced previously unavailable, material evidence," or (3) "the ultimate grant of relief is discretionary" and it determines that "the movant would not be entitled to the discretionary grant of relief." *I.N.S. v. Abudu*, 485 U.S. 94, 104–05 (1988); *see Li*

3

*Yong Cao*, 421 F.3d at 156. Here, the BIA denied remand on two grounds. First, it concluded that Calle failed to demonstrate that he was likely to receive military parole in place, and thus did not show that remand was likely to change the outcome of the case. Second, it determined that he did not warrant a favorable exercise of discretion on the grounds that he could pursue parole in place with USCIS without a grant of remand and that negative discretionary factors (such as his criminal history) outweighed the positive.

## I.     Military Parole in Place

The Department of Homeland Security ("DHS") has authority to grant parole to some noncitizens already in the United States ("parole in place"), because they are also viewed as applying for admission. *See* 8 U.S.C. §§ 1182(d)(5)(A), 1225(a)(1). In addition to providing temporary permission to remain in the United States for noncitizens like Calle who entered the United States without inspection, parole in place removes barriers to adjustment to lawful permanent resident status. *See id.* § 1255(a) (authorizing the Attorney General to adjust the status of "an alien who was inspected and admitted or paroled into the United States").

Military parole in place is a USCIS policy under this parole authority. The

4

policy recognizes that active military members' concern about their parents'

immigration status can undermine military preparedness, and that parole in

place should generally be granted in one-year increments to the parents of active

duty servicemembers absent serious adverse factors such as criminal convictions.

*See* USCIS Policy Manual, vol. 7 pt. B. ch. 2(A)(3), available at

https://www.uscis.gov/policy-manual/volume-7-part-b-chapter-2

[https://perma.cc/8S27-QGX5].   Congress endorsed this program in the National

Defense Authorization Act for Fiscal Year 2020, Pub. L. No. 116-92, § 1758, 133

Stat. 1198 (Dec. 20, 2019) ("NDAA").   The NDAA provides that in evaluating a

motion for military parole in place, DHS "shall consider, on a case-by-case basis,

whether granting the request would enable military family unity that would

constitute a significant public benefit."   *Id.* § 1758(a).

Calle challenges the BIA's conclusion that he failed to demonstrate that

USCIS was likely to grant military parole in place and therefore failed to show

that remand "would likely change the result in his case."   App'x 8.   Where, as

here, a petitioner seeks remand to apply for a different form of relief rather than

to seek reconsideration of an existing application for relief, the BIA asks whether

"there is a reasonable likelihood that the statutory requirements for the relief

sought have been satisfied, and [whether] there is a reasonable likelihood that relief will be granted in the exercise of discretion." *In re L-O-G-*, 21 I. & N. Dec. 413, 419 (B.I.A. 1996). The petitioner "must show a realistic chance that [he] will be able to obtain" the relief sought. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quotation marks omitted).

Calle supported his motion with evidence that he met the requirements for military parole in place. His motion included both a sworn statement that he is the father of Bryan Calle-Berrones and a copy of Calle-Berrones's military identification card. Because Calle's remand motion supplemented his existing appeal of the IJ's denial of his motion for cancellation, the record contained additional evidence, including Calle-Berrones's birth certificate. The BIA moreover acknowledged the family relationship (and the difficulties that would be caused by Calle's removal) in the context of affirming the denial of cancellation.

The BIA overlooked this evidence when it determined that Calle had "submitted no evidence to show that his deportation would cause a disruption to military family unity." App'x 8. We therefore remand for the BIA to consider whether in light of the evidence presented there is a "reasonable likelihood that

6

the statutory requirements for the relief sought have been satisfied." *In re L-O-G-*, 21 I. & N. Dec. at 419.

## II. Discretionary Denial of Remand

The BIA also explained that it denied remand as a matter of discretion because (1) USCIS has the authority to adjudicate Calle's application regardless of whether remand is granted, and (2) it agreed with the IJ's discretionary analysis, conducted more than four years earlier in the context of evaluating an application for cancellation of removal.

As an initial matter, the parties agree that the BIA erred in stating that USCIS has jurisdiction to consider Calle's parole application absent remand. Unless the BIA grants reopening or remand and either the BIA or an IJ terminates the proceedings, Calle's request for parole in place can only be directed to Immigration and Customs Enforcement. The BIA decision reflects that it was not aware that USCIS would not consider Calle's application absent further action by the BIA or IJ. We accordingly remand for the BIA to reconsider its discretionary determination in light of this clarification. On remand, the BIA should also consider whether the equities underlying the discretionary decision to grant military parole in place are similar to the IJ's

October 2019 decision to deny cancellation on which the BIA relied. We note in particular that at the time of the BIA decision under review, more than fifteen years had passed since Calle's last arrest. We note, too, that the IJ may have improperly considered Calle's non-criminal sexual conduct as a negative factor in its discretionary determination. *See* App'x 131.

In sum, because the BIA overlooked evidence that may have satisfied the standard applicable to the underlying relief sought and misperceived the consequences of a denial of remand in its discretionary analysis, we remand for further consideration.

## CONCLUSION

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8