**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0626n.06

No. 09-4304

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Aug 26, 2011***

LEONARD GREEN, Clerk

DMITRI SERGEYEVICH ORLOV,          )
                                   )
      Petitioner,                )
                                   )
                                   )     ON PETITION FOR REVIEW OF
v.                                 )     AN ORDER OF THE BOARD OF
                                   )     IMMIGRATION APPEALS
ERIC H. HOLDER, JR., Attorney General,  )
                                   )
      Respondent.                )
                                   )

**Before: SUTTON and STRANCH, Circuit Judges; WELLS, District Judge.**[*]

**JANE B. STRANCH, Circuit Judge.** Petitioner Dmitri Orlov seeks review of an order of

the Board of Immigration Appeals ("BIA") denying his untimely motion to reopen removal

proceedings. Orlov contends that the BIA should have tolled the applicable limitations period due

to ineffective assistance of counsel. For the following reasons, we **DENY** the petition for review.

**I.**

Orlov is a native and citizen of the Ukraine. He was admitted to the United States on a non-

immigrant visitor visa, which authorized him to remain until August 22, 1997. Orlov, however,

overstayed his visa. Soon after his visa expired, Orlov married a United States citizen. On

November 18, Orlov filed an application for an adjustment of status with the INS seeking permanent

---

[*]The Honorable Lesley Wells, Senior District Judge for the Northern District of Ohio, sitting
by designation.

residency based upon this marriage. On December 16, 1999, the INS denied his application, concluding that he was ineligible for an adjustment of status because he misrepresented his intentions for entry on his original visa application. Although his visa application "stated that the purpose of his visit to the United States was for a ten-day athletic competition," the INS found "no evidence that the applicant participated in any athletic competition" and concluded that he "entered the United States as an intending immigrant in violation of the law."

On June 26, 2000, the INS initiated removal proceedings against Orlov by filing a Notice to Appear based on his unauthorized presence in the United States. At some point thereafter, Orlov and his first wife divorced. On May 11, 2001, Orlov's second and current wife, Antonia Mukhodinova, filed a petition for alien relative, form I-130, to establish her relationship with Orlov and help facilitate his immigration.

The IJ held a removal hearing on April 10, 2002, which Orlov attended. Because Orlov's counsel was not in attendance, the IJ continued the hearing to September 13. The IJ told Orlov that failure to appear would result in his removal from the country in the absence of extraordinary circumstances. Both Orlov and his counsel attended the September 13 hearing, which the IJ again continued in light of the pending I-130 form. The IJ scheduled the continued removal hearing for April 4, 2003, reiterating to Orlov and his counsel that failure to appear would have the "severe" and "dire consequence" of being deported. Orlov stated that he understood. At the conclusion of the hearing, Orlov's counsel admitted the factual allegations and conceded removability as charged.

Neither Orlov nor his counsel appeared at the April 4 hearing. Consistent with the court's earlier warnings, the IJ found that Orlov had "abandoned all forms of relief" by failing to appear, and

thus ordered Orlov deported. Orlov, through counsel, filed a motion to reopen removal proceedings with the IJ on May 3, alleging that Orlov mistakenly thought the hearing was another day and was responsible for giving his counsel the incorrect date. Attached to the motion were affidavits from Orlov and Mukhodinova. Orlov declared that he was "sorry for failing to appear on April 4, 2003 due to [his] carelessness" and "prayfully request[ed] a second chance." Mukhodinova's affidavit stated that they "mistakenly failed to appear on April 4, 2003, thinking the hearing was April 14, 2003." The IJ denied the motion to reopen on May 19, finding that Orlov "acknowledge[d] receipt of [the] Notice of hearing" and "submit[ted] no evidence of exceptional circumstance[s] to justify failure to appear."

Orlov, through counsel, appealed the decision to the Board of Immigration Appeals. The appellate brief filed on Orlov's behalf sought reopening of the removal proceedings and rescission of the *in absentia* removal order based solely on Orlov's "inadvertence and confusion" about the date of the hearing. The BIA affirmed without opinion on May 2, 2005. Orlov's counsel then filed a petition for review on Orlov's behalf with the Sixth Circuit. While the petition for review was pending, Orlov retained new counsel who filed a motion to substitute herself for his prior counsel. Orlov's new counsel also successfully sought withdrawal of the petition for review previously filed by Orlov's former counsel.

On December 29, 2006, Orlov's new counsel filed with the BIA a second motion to rescind the removal order and reopen removal proceedings. Orlov submitted an affidavit declaring that his failure to attend the removal hearing was not due to his carelessness and inadvertence (as previously alleged), but because he was required to watch his 1 1/2-year-old daughter while his wife took her

son to the emergency room for an ankle injury. Mukhodinova submitted a corroborating affidavit. Orlov requested that the BIA toll the limitations period applicable to his motion to reopen based on his original lawyer's ineffective assistance in failing to bring this exceptional circumstance to the IJ's or BIA's attention.

The BIA denied the motion to reopen on October 9, 2009.[1] The BIA concluded that equitable tolling did not apply to excuse the untimeliness of Orlov's motion to reopen for two reasons. First, it concluded that Orlov did not act diligently in bringing his claim of ineffective assistance of counsel because "he continued to employ his prior attorney and failed to seek another opinion about his representation for approximately a year and a half after the Board's decision" denying his first motion to reopen. Second, it found equitable tolling unwarranted because Orlov was not "prejudiced by prior counsel's actions." *Id.* As the BIA explained, the only relief sought by Orlov was adjustment of status, for which he was previously found ineligible given the "misrepresentations he made in the course of obtaining his nonimmigrant visa." *Id.*

Orlov's counsel filed a timely petition for review with this Court on October 28, 2009. The only issue raised is the propriety of the BIA's decision not to toll the limitations period applicable to Orlov's second motion to reopen removal proceedings.

**II.**

---

[1]For an unknown reason, the BIA never acknowledged receipt of Orlov's motion to reopen or the Department of Homeland Security's response, timely filed in December 2006 and January 2007, respectively. Orlov's counsel resubmitted the motion in February 2009. AR28.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005). An abuse of discretion can be shown where the BIA's denial of the motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982). "The Supreme Court has made clear that reopening is discretionary with the BIA and that the BIA retains broad discretion to grant or deny such motions.'" *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (citing *INS v. Doherty*, 502 U.S. 314, 323 (1992)). "However, where there is a claim of ineffective assistance of counsel, we review this question of law de novo." *Allabani*, 402 F.3d at 676.

Orlov concedes that his motion to reopen removal proceedings was untimely. He contends, however, that the BIA should have tolled the limitations period based on ineffective assistance of counsel. The BIA concluded that Orlov was not entitled to equitable tolling because Orlov did not act diligently in bringing his claim of ineffective assistance and because Orlov was not prejudiced by his former counsel's actions. We need not consider whether Orlov was sufficiently diligent in pursuing his claim because, for the reasons set forth below, he has failed to show the requisite prejudice.

## III.

"Because a deportation proceeding is a purely civil action, an ineffective assistance of counsel claim is reviewed under the Due Process Clause of the Fifth Amendment rather than under the Sixth Amendment." *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (internal citation, alteration, and quotation marks omitted). We have recognized that "the doctrine of equitable tolling

may be applied to permit reopening [of immigration proceedings] when the alien demonstrates that she received ineffective assistance of counsel and was prejudiced thereby." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010). An alien seeking to establish prejudice in this context must show an entitlement to the underlying relief requested. In other words, Orlov "must establish that, but for the ineffective assistance of counsel, [Orlov] would have been entitled to continue residing in the United States." *Sako v. Gonzales*, 434 F.3d 857, 864 (6th Cir. 2006).

Orlov has failed to meet his burden of showing an entitlement to remain in the United States. He has conceded removability, AR157, and the only underlying relief sought is an adjustment of status pursuant to 8 U.S.C. § 1255.[2] An adjustment of status is ultimately awarded at the discretion of the Attorney General, *id*. § 1255(a), and we have generally recognized that "[t]he failure to be granted discretionary relief does not amount to a deprivation of a liberty interest" necessary to establish a violation of due process, *Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir. 2001).

Without deciding whether the discretionary nature of adjustment of status necessarily forecloses Orlov's claim, we nevertheless conclude that he has failed to show entitlement to that form of relief. In 1999, the INS denied a previous adjustment application filed by Orlov because it found that Orlov misrepresented his immigration intentions on his original visa application. AR203. As the INS recognized, such a finding renders Orlov statutorily ineligible for adjustment of status. *See* 8 U.S.C. § 1182(a)(6)(C)(i). Orlov has not pointed us to any evidence to challenge that finding

---

[2]Orlov suggests that he might also be able to apply for voluntary departure pursuant to 8 U.S.C. § 1229c(a). Orlov, however, did not assert this argument before the BIA, and it is therefore not preserved for review. *Ramani v. Ashcroft*, 378 F.3d 554, 558–59 (6th Cir. 2004).

or otherwise establish his admissibility. And while Orlov argues that, if removal proceedings were reopened, he could seek a discretionary waiver of inadmissibility pursuant to 8 U.S.C. § 1182(i), the mere possibility of such a waiver is insufficient to establish the requisite entitlement to remain in the United States. *Cf. Hanna v. Gonzales*, 128 F. App'x 478, 481 (6th Cir. 2005) (holding that possibility of discretionary waiver of removal under 8 U.S.C. § 1227(a)(1)(H) was insufficient to establish prejudice).

## IV.

For the aforementioned reasons, the BIA did not abuse its discretion in declining to toll the limitations period applicable to Orlov's motion to reopen. Accordingly, we **<u>DENY</u>** the petition for review.