NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0870n.06

No. 12-4564

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>DOUGLAS ARTEMIO CIFUENTES-<br>CALDERON,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>Petitioner,</td><td>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td>ON PETITION FOR REVIEW<br>FROM THE UNITED STATES</td></tr>
<tr><td>ERIC H. HOLDER, JR., Attorney General,</td><td>)<br>)</td><td>BOARD OF IMMIGRATION<br>APPEALS</td></tr>
<tr><td>Respondent.</td><td>)<br>)</td><td></td></tr>
</table>

**FILED**
Oct 07, 2013
DEBORAH S. HUNT, Clerk

BEFORE: KEITH and SUTTON, Circuit Judges; BLACK, District Judge.[*]

PER CURIAM. Douglas Artemio Cifuentes-Calderon, a citizen of Guatemala, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision denying his motion to reopen his removal proceeding.

Cifuentes-Calderon was born in Guatemala in 1968. He first entered this country in 1989 and applied for asylum in 1990, but has returned to Guatemala on more than one occasion. He has three United States citizen children.

In 1999, Cifuentes-Calderon was ordered to appear at a hearing on his asylum application. He alleges that he was thirty to forty-five minutes late to the hearing due to his attorney's car having

---

[*]The Honorable Timothy S. Black, United States District Judge for the Southern District of Ohio, sitting by designation.

mechanical difficulties. He was ordered removed to Guatemala in absentia. He alleges that his attorney promised to immediately file a motion to reopen the proceedings but never did so. He later learned that his attorney had been disbarred due to neglecting other clients' matters. Cifuentes-Calderon alleges that in 2003 he contacted his former attorney's partner for assistance and was advised that he had to wait five to six years to move to reopen his case. In 2008, he contacted a third attorney, who also failed to file a motion to reopen despite promising to do so. Cifuentes-Calderon alleges that this attorney was also subsequently disbarred. In 2010, Cifuentes-Calderon sought the advice of a fourth attorney, who was very discouraging about his prospects for reopening his case. Finally, in 2011, Cifuentes-Calderon hired his current counsel and a motion to reopen was filed.

The IJ denied the motion, noting that it was untimely as it was filed more than 180 days after the in absentia removal order. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). In fact, it was almost twelve years after the order. The IJ also concluded that Cifuentes-Calderon was not entitled to equitable tolling based on ineffective assistance of counsel because he had not fulfilled the requirements for raising an ineffective assistance claim and he had not been diligent in pursuing his case. The BIA affirmed the IJ's decision, and this petition for review followed.

We review the denial of a motion to reopen for an abuse of discretion, which will be found where the denial is without a rational explanation, inexplicably departs from established policies, or rests on an impermissible basis. *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005).

First, Cifuentes-Calderon argues that his late arrival at his hearing due to car trouble was not a failure to appear and that his motion to reopen should be granted on that basis. He cites *Abu Hasirah v. Department of Homeland Security*, 478 F.3d 474, 478 (2d Cir. 2007) (per curiam), and

the cases cited therein, as authority for this argument. However, all of these cases involved movants who promptly and timely moved to reopen their proceedings after they were ordered removed in absentia due to brief delays in their arrival. Cifuentes-Calderon has not cited any authority allowing reopening on the ground that no "failure to appear" occurred where the motion to reopen was itself untimely.

Therefore, we turn to the issue of whether the motion to reopen was properly denied as untimely. We have applied equitable tolling on the basis of ineffective assistance of counsel to motions to reopen. *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007). In order to rely on a claim of ineffective assistance, however, the movant must comply with certain requirements, including informing the attorney of the alleged deficiency, filing disciplinary charges or explaining why charges were not filed, and showing that the alleged ineffective assistance resulted in prejudice to the outcome of the proceeding. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006). Cifuentes-Calderon does not allege that he informed any of his former counsel of their alleged ineffective assistance, or filed disciplinary charges against them. He argues that disciplinary charges were not necessary because two of the attorneys had already been disbarred. However, he does not explain his failure to file a complaint against his second attorney. Failing to comply with the requirements for raising a claim of ineffective assistance of counsel forfeits the claim. *Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007). Moreover, Cifuentes-Calderon has made no effort to establish prejudice to the outcome of his case, as he has not briefed the merits of his asylum claim.

Equitable tolling also will not be applied where the alien is not diligent in pursuing his case. *Barry v. Mukasey*, 524 F.3d 721, 725 (6th Cir. 2008). In determining diligence, the court looks to

whether the claimant could reasonably have been expected to file the motion to reopen earlier. *See Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005). Cifuentes-Calderon could reasonably have been expected to ignore the alleged advice from his first attorney's partner that he must wait five or six years to move to reopen his proceeding. He also could have reasonably been expected to file a motion to reopen, if he truly wished to pursue one, in spite of the "discouraging" advice he received from the fourth attorney he consulted, in 2010. The record supports the BIA's conclusion that Cifuentes-Calderon did not act diligently, and that he did not properly raise a claim of ineffective assistance of counsel. Therefore, the denial of his motion to reopen was based on a rational explanation, complied with established policies, and did not rest on an impermissible basis. Finding no abuse of discretion, we deny the petition for review.