NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0397n.06

No. 15-4362

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 14, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SANTOS CALDERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| LORETTA E. LYNCH, U.S. Attorney | ) | BOARD OF IMMIGRATION |
| General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  COLE, Chief Judge; BATCHELDER and COOK, Circuit Judges.

PER CURIAM.  Santos Calderon, a native of Peru, petitions for review of the denial of his motion to reopen his removal proceedings.

Calderon entered this country in 1986.  In 2000, he failed to appear for a hearing, and an immigration judge ordered his removal in absentia.  After being taken into custody, Calderon filed a series of motions to reopen his proceeding between 2013 and 2015, all alleging that he had failed to appear for his hearing due to exceptional circumstances involving his transportation to the hearing, and that the late filing of his motion to reopen should be excused on the ground of ineffective assistance of counsel.  The most recent of these motions was denied by the Board of Immigration Appeals (BIA) on November 30, 2015, and this timely petition for review followed.

We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Prekaj v. INS*, 384 F.3d 265, 268 (6th Cir. 2004). An abuse of discretion will be found where the BIA's decision is without rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as discrimination. *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005).

A motion to reopen an order of removal entered in absentia must be made within 180 days and show exceptional circumstances for failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). The required exceptional circumstances have generally been understood to encompass situations such as the serious illness of the petitioner or his spouse, child, or parent. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (citing 8 U.S.C. § 1229a(e)(1)). Here, Calderon argues only that the person who had agreed to drive him to his hearing did not appear and that a taxi was also late in arriving. His argument in this latest motion, that he lived only a forty-five-minute drive away from the hearing, is inconsistent with the argument he presented in the original motion to reopen, when he stated that he lived two to four hours away. He presents no evidence in support of his claims, such as an affidavit from the driver.

Calderon also argues that being late for his hearing is distinguishable from failing to appear at all, relying on *Abu Hasirah v. Dep't of Homeland Sec.*, 478 F.3d 474, 478–79 (2d Cir. 2007) (per curiam) (discussing cases in which exceptional circumstances were held unnecessary to excuse brief tardiness). All of these cases, however, involved the filing of a timely motion to reopen the proceeding. *See Cifuentes-Calderon v. Holder*, 535 F. App'x 490, 491 (6th Cir. 2013) (per curiam). By contrast, Calderon did not move for reopening for thirteen years. And in those cases, the petitioners were only fifteen or twenty minutes late. *See Abu Hasirah*, 478 F.3d at 479 (the petitioner was "late by a mere fifteen minutes" and "arrived during normal business

hours, when one would expect the court to be in session"); *Cabrera-Perez v. Gonzales*, 456 F.3d 109, 117 (3d Cir. 2006) (per curiam) (the petitioner "was only 15 to 20 minutes late" and "immediately made every effort to get the IJ to resume her hearing"); *Alarcon-Chavez v. Gonzales*, 403 F.3d 343, 346 (5th Cir. 2005) (the petitioner was "a mere twenty minutes late in arriving" and "made every effort to get the IJ to resume his hearing"). Here, Calderon claims he was an hour late to his hearing, and he never contends that he attempted to contact the IJ to explain his tardiness or resume the hearing.

Even if Calderon had shown that exceptional circumstances prevented his appearance at his hearing, the BIA properly denied his motion as untimely. Calderon argues that ineffective assistance of counsel excuses the untimeliness of his motion. He claims that he hired someone he thought was an attorney to file a motion and that the person failed to do so.

The doctrine of equitable tolling excuses a petitioner's untimely motion if he can show that "despite diligent efforts, [he] did not discover the injury until after the limitations period had expired." *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008) (quoting *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007)). "Equitable tolling may apply when a petitioner has received ineffective assistance of counsel." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) (quoting *Barry*, 524 F.3d at 724). In that context, the petitioner must show (1) he diligently pursued his rights, and (2) he was prejudiced by his counsel's failure to timely file. *Id.* Prejudice means that "but for counsel's error, petitioner would have been entitled to continue residing in the United States." *Ljucovic v. Gonzales*, 144 F. App'x 500, 503 (6th Cir. 2005) (quoting *Huicochea-Gomez v. INS*, 237 F.3d 696, 699–700 (6th Cir. 2001)) (brackets omitted). The BIA correctly rejected Calderon's equitable-tolling claim because—by declining to argue the merits of his asylum claim in his motion—he failed to establish prejudice.

Calderon insists that the prejudice requirement does not apply to motions to reopen an order of removal entered in absentia. He alerts the court to precedent holding that a petitioner need not demonstrate prejudice for ineffective assistance of counsel to constitute an "exceptional circumstance" under 8 U.S.C. § 1229a(b)(5)(C)(i). *See Galvez-Vergara v. Gonzales*, 484 F.3d 798, 803 n.6 (5th Cir. 2007); *Lo v. Ashcroft*, 341 F.3d 934, 939 n.6 (9th Cir. 2003). But those cases concerned *timely* motions to reopen. We have required a showing of prejudice where a petitioner invokes equitable tolling to excuse a late motion to reopen an in-absentia removal order. *See Cifuentes-Calderon*, 535 F. App'x at 491; *Orlov v. Holder*, 436 F. App'x 533, 536 (6th Cir. 2011).

The BIA's somewhat cursory denial of the motion to reopen is due to the lack of merit of the motion rather than a lack of rational explanation. The order is based on established policies regarding the requirements of showing exceptional circumstances to reopen a proceeding and prejudice to warrant equitable tolling on the basis of ineffective counsel. There is no reason to conclude that the BIA's denial of the motion to reopen rests on an impermissible basis. Therefore, the petition for review is **DENIED**.