NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0555n.06

Case No. 21-3441

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JOSE C. CERRITO-ESCOBAR, | ) | **FILED** |
| | ) | Dec 01, 2021 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE BOARD OF |
| MERRICK B. GARLAND, Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Jose Cerrito-Escobar petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial of his motion to reopen immigration proceedings. We affirm the BIA's decision and deny Cerrito's petition for review.

**I**

Cerrito is a native and citizen of El Salvador. In April 1993, he entered the United States and was arrested for entering unlawfully on August 9, 1993. He was released and provided officers with his address in Holland, Michigan. That day, Cerrito was personally served with an Order to Show Cause ("OSC"), which charged that he was subject to deportation under Section 241(a)(1)(B) of the Immigration and Nationality Act. The OSC further warned,

> You are required to provide written notice, within five (5) days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you. If you are represented, notice will be sent to your representative.

CA6 R. 8-2, Admin. R., Page ID 112. Three months later, Cerrito moved to West Branch, Michigan. On December 27, 1993, a Notice of Hearing ("NOH") was sent to Cerrito's address of record in Holland, Michigan, notifying him of a hearing on June 28, 1994. However, Cerrito did not receive the NOH, as he had already moved.

Around April 1994, Cerrito retained attorney Richard Kessler to represent him in deportation proceedings. Kessler entered his appearance with the immigration court and noted Cerrito's address was in West Branch, Michigan. On April 7, 1994, the immigration court sent Kessler the NOH for the June hearing. Neither Kessler nor Cerrito appeared at the hearing and Cerrito was ordered deported in absentia. A copy of the order was sent to Kessler. Cerrito did not receive the order.

In 2006, Cerrito applied for and received lawful permanent residence status in the United States under a new "A" number. Five years later, he applied for naturalization. In December 2017, Cerrito was placed in removal proceedings. On March 13, 2019, Cerrito moved to reopen and rescind the in absentia order. He argued that he did not have actual notice of the hearing and his failure to appear should be excused for exceptional circumstances, namely ineffective assistance of counsel.

The immigration court denied the motion, explaining that Cerrito had received notice through the OSC of deportation proceedings and notice that an NOH would be forthcoming. Cerrito failed to update the court with his new address and counsel received the NOH, constituting adequate notice to Cerrito. Further, even if Cerrito showed exceptional circumstances to reopen because of ineffective assistance of counsel, Cerrito failed to exercise due diligence in moving to reopen. Cerrito appealed and the BIA concluded Cerrito received adequate notice and failed to exercise due diligence. Cerrito now petitions for review of the BIA's decision.

**II**

Where the BIA issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination. *Al-Ghorbani v. Holder*, 585 F.3d 980, 991 (6th Cir. 2009). However, we also review the immigration judge's decision to the extent adopted by the BIA. *Id.* The BIA's decision is reviewed for abuse of discretion. *Sanchez v. Holder*, 627 F.3d 226, 230 (6th Cir. 2010). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to law." *Id.* (quoting *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003)).

**III**

A removal order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances" or a motion filed at any time if "the alien did not receive notice." 8 U.S.C. § 1252b(c)(3) (1994).[1] Cerrito argues that he is entitled to rescission under both prongs. We disagree and affirm the BIA.

**A**

Under 8 U.S.C. § 1252b(a)(2)(A), written notice of deportation proceedings shall be given to the alien or the alien's counsel of record. Further, no written notice is required if the alien fails to provide an address or fails to update his change of address. 8 U.S.C. §§ 1252b(a)(1)(F), (a)(2) (1994). There is no dispute that Cerrito failed to update his address after he moved, despite direction in the OSC to notify the immigration court within five days of an address change. There is also no dispute that Kessler, Cerrito's attorney, received written notice of the hearing.

---

[1] The in absentia order is governed by the former version of the statute, which does not differ in relevant ways from the current version. *See* 8 U.S.C. § 1229a(b)(5)(C).

Therefore, the BIA did not abuse its discretion in finding that Cerrito received adequate notice of the hearing. *See Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003).

Cerrito relies on two inapplicable cases to argue notice was inadequate: *Valadez-Lara v. Barr*, 963 F.3d 560 (6th Cir. 2020) and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). In *Valadez-Lara*, this court discussed the BIA's presumption that an immigrant has received notice if properly mailed and its directive that immigration judges consider all relevant evidence in deciding whether an immigrant has overcome this presumption. 963 F.3d at 563–64. Cerrito argues he overcame the presumption of notice by swearing he did not receive the notice and by applying later to become a permanent resident, showing a lack of knowledge. However, even in *Valadez-Lara*, this court found the BIA did not abuse its discretion in finding proper notice where the immigrant was mailed four notices to his last known address, and he swore he did not receive the notices. 963 F.3d at 568–69.

In *Niz-Chavez*, the Supreme Court interpreted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") and held a notice to appear must contain all necessary information about a removal hearing in a single document. 141 S. Ct. at 1478, 1486. IIRIRA was passed after Cerrito's removal proceedings and the Supreme Court acknowledged the difference:

> Before IIRIRA, the government began removal proceedings by issuing an "order to show cause"—the predecessor of today's "notice to appear." Back then, the law expressly authorized the government to specify the place and time for an alien's hearing "in the order to show cause or *otherwise*." § 1252b(a)(2)(A) (1994 ed.) (emphasis added). IIRIRA changed all that. It changed the name of the charging document—and it changed the rules governing the document's contents. Now time and place information must be included in a notice to appear, not "or otherwise."

*Id.* at 1484. Therefore, Cerrito's argument that this court "should take a more liberal approach in determining whether notice was effectuated in a situation when multiple documents are issued" is unpersuasive in his pre-IIRIRA case. CA6 R. 16, Pet. Br., at 20–21.

As the NOH was sent to Cerrito's last known address and his counsel of record, the BIA did not abuse its discretion in finding notice was proper.

**B**

Cerrito also argues that Kessler's ineffective assistance constituted an exceptional circumstance that warrants reopening his immigration proceedings. The BIA determined it did not need to reach this issue because Cerrito had moved to reopen beyond the 180-day deadline and did not establish due diligence for equitable tolling.

In determining whether equitable tolling applies, one consideration is the immigrant's diligence in pursuing his rights. *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008). Despite receiving an OSC notifying him of a forthcoming hearing, Cerrito "did not show that he inquired into the status of his proceedings between [his 2006 lawful residence application] and his 1993 OSC." CA6 R. 8-2, Admin. R., Page ID 5. Given this inaction over an extended period of time, the BIA did not abuse its discretion in finding equitable tolling unwarranted. *See Barry*, 524 F.3d at 725; *Hermiz v. INS*, 86 F. App'x 44, 45 (6th Cir. 2003).

Cerrito contends equitable tolling suspended the running of the 180-day deadline until he received *actual* notice of the deportation order, which he contends was in 2018 when he submitted a Freedom of Information Act request for the order. In support, he cites *Scorteanu v. INS*, 339 F.3d 407 (6th Cir. 2003). In that case, we held that the particular immigrant failed to exercise due diligence after receiving actual notice. *Scorteanu*, 339 F.3d at 414. Specifically, the petitioner filed his motion to reopen beyond the statutory time limit even after the date that he received actual notice. *Id.* Here, Cerrito filed within 180 days of the date that he claims to have received actual notice. So Cerrito contends that he exercised due diligence, unlike the petitioner in *Scorteanu*. But Cerrito overreads *Scorteanu*. That case did not address whether the petitioner had also

exercised due diligence between the time of the initial order and the receipt of actual notice. Therefore, *Scorteanu* does not establish whether Cerrito exercised due diligence.

"Strictly defined, equitable tolling is the doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Barry*, 524 F.3d at 724 (quoting *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007)). To be sure, we have stated that "[e]quitable tolling may apply when a petitioner has received ineffective assistance of counsel." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) (internal quotation omitted). But the petitioner must show both that "he diligently pursued his rights" and that "he was prejudiced by his counsel's failure to timely file." *Calderon v. Lynch*, 655 F. App'x 417, 418 (6th Cir. 2016) (citing *Mezo*, 615 F.3d at 620). Instead of exerting diligent efforts to discover the deportation order and his attorney's failure to provide him with updates, Cerrito ignored the matter for twelve years.[2] Therefore, the BIA did not abuse its discretion in finding equitable tolling unwarranted. *See, e.g.*, *Xinquan Zhong v. Sessions*, 744 F. App'x 921, 924 (6th Cir. 2018) (upholding finding of lack of diligence when motion to reopen was filed 17 years late); *Calderon*, 655 F. App'x at 418 (same; 13 years late).

**C**

Last, Cerrito argues that his failure to receive due process justifies reopening. Review of this argument is improper because Cerrito failed to raise it before the BIA. *See Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004) ("[W]e hold that only claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal."). Even considering the merits, Cerrito's due process argument is unpersuasive. Again, he cites *Scorteanu*

---

[2] Further, the original NOH was sent when Cerrito was not represented by counsel. This NOH was sent to Cerrito's last known address and his failure to receive it was caused by Cerrito's failure to update his address, not ineffective assistance of counsel.

and argues "when an attorney did not file the alien's new address as provided, there was a due process violation." CA6 R. 16, Pet. Br., at 24. In *Scorteanu*, this court found an attorney's failure to update an immigrant's address and notify him of the hearing was an exceptional circumstance sufficient to trigger reopening if the immigrant complied with the statutory timing requirements. 339 F.3d at 413. However, the immigrant failed to move within 180 days and did not diligently pursue his rights—exactly Cerrito's circumstances. *See id.* at 413–414. Therefore, counsel's failure in *Scorteanu*, as here, did not mandate reopening. *See id.* at 414.

The BIA did not abuse its discretion in finding that the immigration court properly provided notice by sending the NOH to Cerrito's last-known address and to his counsel of record, as permitted by 8 U.S.C. § 1252b(a)(2)(A) (1994). While it is unfortunate that Cerrito's counsel failed to properly keep his client updated, Cerrito failed to diligently pursue his immigration rights by ignoring his immigration proceedings for twelve years. Therefore, we deny Cerrito's petition for review.